David R. SINA; Candice
M. Sina, Appellants,

v.

Frank T. MABLEY, an individual;
Greenstein, Mabley & Wall, LLC, a
private business organization and en-
terprise; Gordon W. Shumaker, an in-
dividual; Salvador Rosas, an individu-
al; Bertrand Poritsky, an individual;
Hyam Segell, an individual, Margaret
Fuller Corneille, an individual; Carl
Baer, an individual; Isabel Gomez, an
individual; Richard H. Kyle, an indi-
vidual; Frank B. Wilderson, Jr., an
individual; Mary P. Walbran, an indi-
vidual; Joseph R. Cade, an individual;
John D. Kelly, an individual; Cather-
ine M. Warrick, an individual; State
Board of Law Examiners, a state
agency and an enterprise, Appellees.

No. 04–2555.

United States Court of Appeals,
Eighth Circuit.

Submitted: July 27, 2005.

Decided: Sept. 1, 2005.

David R. Sina, Champlin, MN, Pro se
Appellant.

Candice M. Sina, Champlin, MN, Pro se
Appellant.

Frank Taylor Mabley, Greenstein &
Mabley, Roseville, MN; P. Kenneth
Kohnstamm and John Steven Garry, At-
torney General's Office, St. Paul, MN, for
Appellees.

Before COLLOTON, HANSEN, and
BENTON, Circuit Judges.

PER CURIAM.

David and Candice Sina appeal following
the district court's [1] dismissal of their 42
U.S.C. § 1983 complaint. For reversal,
they argue that (1) the Minnesota Attor-
ney General lacked authority to represent
the defendants who were state employees,
and that therefore the Sinas were entitled
to a default judgment, (2) the district court
erred in granting defendant Frank T.
Mabley's amended motion to dismiss be-

---

1. The Honorable Richard H. Battey, United
States District Judge for the District of South
Dakota, sitting by designation in the District
of Minnesota.

cause the motion was procedurally defective, and therefore the Sinas were entitled to a default judgment, and (3) the district court should have allowed the Sinas to amend their complaint, and should have granted their motion to strike defendants' motions to dismiss. For the reasons discussed below, we affirm the judgment of the district court.

The Minnesota Attorney General had authority to represent the state defendants: even though they were sued in their individual capacities, the complained-of acts were performed as state officials. *See* Minn.Stat. Ann. §§ 3.736 (state shall defend state employees from suits pertaining to acts or omissions taken during their period of employment if employee was acting within scope of employment); 8.06 (Attorney General shall act as attorney for state officials and state boards in all matters pertaining to their official duties) (West 2005). Thus, there was no basis for a default judgment. Similarly, there was no basis to enter default judgment against Mabley, as his amended motion to dismiss was not improper or procedurally prejudicial. Accordingly, the district court also did not err in denying the Sinas' motion to strike as frivolous.

Finally, although the Sinas argue that they should have been allowed to amend their complaint to remove the law firm and the Board as defendants, they made no motion to amend, and removal of these defendants would not have saved the complaint from dismissal.

Accordingly, we affirm. *See* 8th Cir. R. 47B.